# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DAVID BOY FULLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 09-0839-WS-N |
| ) | |
| DR. TESEMMA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This closed civil matter comes before the Court on plantiff's Motion to Vacate or Alter the Judgment (doc. 105).

**I.   Background.**

Plaintiff, David Boy Fuller, an Alabama state prisoner proceeding *pro se*, sued 15 defendants in this § 1983 action alleging that he received inadequate medical care and treatment while incarcerated at Holman Correctional Facility. Although he complains of a wide variety of medical ailments, Fuller's claims in this case center on allegations concerning diagnosis and treatment of diabetes, failure to provide treatment after a head injury, and nursing staff's refusal to cut his toenails on certain occasions.

On December 27, 2013, Magistrate Judge Nelson entered a 34-page Report and Recommendation (doc. 92) in which she recommended that the served defendants' motion for summary judgment be granted, and that all claims against unserved defendants be dismissed as frivolous and for failure to state a claim on which relief can be granted. In summary, the Report and Recommendation reasoned as follows: (i) Fuller's Eighth Amendment claims against Dr. Barnes relating to diabetes treatment fail because the record establishes that Dr. Barnes closely monitored him for blood sugar problems and took other steps to prevent or delay the onset of diabetes; (ii) Fuller's Eighth Amendment claims against Dr. Tesemma relating to diabetes treatment are meritless because medical records establish that Dr. Tesemma took substantial steps to monitor Fuller for diabetes, prescribed a treatment and testing plan to address Fuller's

risk of becoming diabetic, and was not deliberately indifferent in diagnosing Fuller as diabetic; (iii) Fuller's Eighth Amendment claims against numerous other medical-staff defendants relating to diabetes treatment lack factual support because he was closely monitored for diabetes, the treating physicians had determined him to be a pre-diabetic, and the defendant nurses followed the treatment plan and diagnoses of the treating physicians; (iv) plaintiff's Eighth Amendment claim relating to failure to remove glass from his eye is properly dismissed because there is no evidence that glass fragments remained in his eye after his initial treatment, and any shortcomings in treatment would constitute at most mere negligence, not deliberate indifference; (v) plaintiff's Eighth Amendment claims relating to certain defendants' alleged refusal to give him blood medications is meritless because the record contradicts Fuller's allegation that any such omission occurred (although Fuller refused to accept the proffered medication on certain occasions); (vi) Fuller's Eighth Amendment claims against defendants Nettles and Turner for refusing to soak his feet and trim his toenails on June 25, 2009 are deficient because the record shows neither a serious medical need regarding his toenails nor proof that Fuller suffered serious medical harm (or any harm at all, for that matter) from the withholding of his desired treatment on that date; (vii) Fuller's Eighth Amendment claims against defendant Langford for failing to change a bandage on his toe on April 15, 2010 fails because there was no record evidence of a standing order to change the bandage daily, the changing of the bandage was not a serious medical need, and Fuller suffered no harm as a result of the alleged lack of care; (viii) plaintiff's Eighth Amendment retaliation claims fail for want of proof of a causal connection between the protected activity and the adverse action (as to certain claims) and lack of evidence of protected activity (as to others); (ix) plaintiff's Eighth Amendment claim against Sgt. Adams for interfering with medical treatment lacks validity because the record shows that this defendant (a non-medical prison official) was following the directives of prison medical staff and had no reason to believe that they were mistreating Fuller; and (x) plaintiff's Eighth Amendment claim against defendant Naglich for failure to train and supervise fails for want of evidence of a policy or custom resulting in deliberate indifference to constitutional rights, as well as the lack of underlying constitutional violations by the other defendants.

      This Court granted Fuller multiple extensions of time to file objections to the Report and Recommendation. (*See* docs. 96, 99.) On March 7, 2014, Fuller filed 89 pages of Objections (doc. 100), consisting of 32 pages of handwritten argument and 57 pages of exhibits. The

undersigned reviewed these materials and, on March 10, 2014, entered an Order (doc. 101) and Judgment (doc. 102) adopting the Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and dismissing this action in its entirety. Plaintiff now seeks reconsideration of that ruling pursuant to Rule 59(e), Fed.R.Civ.P.

**II.     Analysis.**

Fuller's Motion to Vacate or Alter Judgment makes passing reference to Rule 59(e), but does not otherwise acknowledge or address the stringent standard for relief governing his Motion. A dissatisfied federal litigant is not entitled to reconsideration of anything and everything, merely because he disagrees with a court's ruling. To the contrary, "[t]he only grounds for granting a Rule 59 motion are newly-discovered evidence or manifest errors of law or fact." *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009) (citation and internal marks omitted); *see also Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (similar). To prevail on a Rule 59(e) motion, "[t]he losing party must do more than show that a grant of the motion might have been warranted; he must demonstrate a justification for relief so compelling that the district court was required to grant the motion." *Maradiaga v. United States*, 679 F.3d 1286, 1291 (11th Cir. 2012) (citations and internal marks omitted). Fuller has not done so.

Authority is legion for the proposition that motions to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008) (citation omitted).[1] Rule 59(e) motions do not afford an unsuccessful

---

[1]     *See also Smith v. Ocwen Financial*, 2012 WL 3758378, *2 (11th Cir. Aug. 30, 2012) ("A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment.") (citation omitted); *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (similar); *Kight v. IPD Printing & Distributing, Inc.*, 2011 WL 2015055, *1 (11th Cir. May 24, 2011) (motion for reconsideration properly denied where movant "merely attempted to relitigate old matters and presented evidence that could have been raised prior to the entry of judgment"); *Morton v. Astrue*, 2010 WL 2130613, *3 (11th Cir. May 27, 2010) ("In his motion to alter or amend judgment, … Morton merely attempted to reargue factual issues previously decided by the district court. The district court therefore did not abuse its discretion in denying the motion."); *Dyas v. City of Fairhope*, 2009 WL 5062367, *3 (S.D. Ala. Dec. 23, 2009) ("Motions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. (Continued)

litigant "two bites at the apple." *American Home Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985). Nor are such motions properly filed "as a kneejerk reaction by a dissatisfied federal court loser." *Lee v. Thomas*, 2012 WL 3137901, *2 (S.D. Ala. Aug. 1, 2012); *see also Thalassinos v. Adair*, 2013 WL 3231373, *2 (S.D. Ala. June 26, 2013) ("A Motion to Reconsider is not appropriately filed merely because a litigant does not agree with (or does not wish to abide by) the court's ruling."); *Hughes v. Stryker Sales Corp.*, 2010 WL 2608957, *2 (S.D. Ala. June 28, 2010) (rejecting notion that motions to reconsider "are appropriate whenever the losing party thinks the District Court got it wrong," but finding that they are instead "an extraordinary remedy" that must be "employed sparingly") (citations omitted).[2] "They are neither appeal substitutes nor a 'dry run' to test arguments in anticipation of a forthcoming appeal." *Lee*, 2012 WL 3137901, at *2.

Fuller's Motion to Vacate or Alter Judgment advances a pair of arguments in support of his request for relief from the March 10 Order and Judgment. First, he cites the habeas corpus legal standard identified in 28 U.S.C. § 2254 and argues that that the state court unreasonably applied established federal law. (Doc. 105, at 1.) These authorities and principles have no application here. Plaintiff's case is not a § 2254 habeas corpus action, but is instead a § 1983 civil rights action. This Court did not have occasion to review the constitutionality of any state-court rulings in the context of Fuller's complaint; rather, it properly examined Fuller's objections to Judge Nelson's Report and Recommendation under the legal standards set forth in 28 U.S.C. § 636(b)(1), Rule 72(b), Fed.R.Civ.P., and Local Rule 72.4. In any event, the Motion to Vacate or Alter Judgment identifies no manifest errors of law or fact in the Report and Recommendation's recitation or application of Eighth Amendment jurisprudence that might warrant relief under Rule 59(e).

---

They do not, in short, serve to relieve a party of the consequences of its original, limited presentation.").

[2] *See also Garrett v. Stanton*, 2010 WL 320492, *2 (S.D. Ala. Jan. 18, 2010) ("Far too often, litigants operate under the flawed assumption that any adverse ruling on a dispositive motion confers upon them license … to relitigate issues that have already been decided, to champion new arguments that could have been made before, and otherwise to attempt a 'do-over' to erase a disappointing outcome. This is improper.").

Second, Fuller points generally to his objections to the Report and Recommendation, and makes conclusory statements (apparently relying on those previously filed objections) that defendants were subjectively aware of the risk to plaintiff's health and recklessly disregarded his pain and suffering. (Doc. 105, at 2.) Fuller does not specify particular issues as to which he contends a manifest error of law or fact was made in the March 10 Order and Judgment; rather, he would apparently have this Court globally review his entire 89-page submission of objections to the Report and Recommendation anew at this time. But this Court already reviewed, considered and rejected Fuller's objections to the Report and Recommendation, antecedent to entry of the March 10 Order and Judgment.[3] A Rule 59(e) Motion generically requesting that the court reconsider everything (essentially granting the losing party an across-the-board "do-over") is improper. Indeed, as shown by the aforementioned authorities, a motion to reconsider pursuant to Rule 59(e) cannot properly be brought to petition the court broadly to take another look at a phalanx of arguments that have already been considered and rejected. Fuller's Motion constitutes just the sort of "relitigation of old matters" that courts have routinely refused to countenance in the context of motions to reconsider.

**III.  Conclusion.**

For all of the foregoing reasons, Fuller's Motion to Vacate or Alter the Judgment (doc. 105) is **denied**.

DONE and ORDERED this 10th day of April, 2014.

                                                         s/ WILLIAM H. STEELE
                                                         CHIEF UNITED STATES DISTRICT JUDGE

---

[3] In his Motion, Fuller complains of what he calls "the Federal Courts [*sic*] failure to review his Federal Claims." (Doc. 105, at 2.) Fuller is wrong. Magistrate Judge Nelson comprehensively reviewed all of his federal claims and the mountain of medical records underlying them in preparing the Report and Recommendation. Upon receipt of Fuller's objections, this Court carefully examined them and engaged in *de novo* review of all portions of the Report and Recommendation to which objection was made, as required by § 636(b)(1). This is categorically not a case in which any court failed or refused to examine Fuller's federal claims as presented in the final iteration of his pleading.